IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDEAU S. BROWN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 21-200-CFC |
| ) | |
| ROBERT MAY, Warden, ) | |
| and ATTORNEY GENERAL ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

Presently pending before the Court is Petitioner Judeau S. Brown, Jr.'s Motion to be Released on Bail Pending Outcome of Habeas Proceeding (D.I. 5), his Motion to Supplement the Motion for Bail (D.I. 6), and his Motion for a Three Judge Panel to preside over his request for bail (D.I. 14). For the reasons set forth below, the Court will grant Petitioner's Motion to Supplement, but will deny his Motion for Bail and his Motion for a Three Judge Panel.

**II.   BACKGROUND**

In May 2018, Petitioner pled guilty to possession of a firearm during the commission of a felony and first degree robbery. *See Brown v. State*, 234 A.3d 159 (Table), 2020 WL 2847866, at *1 (Del. June 1, 2020). The Delaware Superior Court sentenced him to a total of twenty-nine years, suspended after four years for decreasing

levels of supervision. *See id.* Petitioner did not appeal his convictions or sentence. He did, however, file a motion for reduction of sentence, two motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 motion, and a motion for a new trial, all of which were denied. (D.I. 4 at 11-18) Petitioner appealed the denial of his Rule 61 motions, and the Delaware Supreme Court affirmed the Superior Court's judgments. *See Brown v.* 2020 WL 2847866 (first Rule 61 motion); *Brown v. State*, 242 A.3d 1086 (Table), 2020 WL 7212719 (Del. Dec. 3, 2020) (second Rule 61 motion).

## III. STANDARD OF REVIEW

Federal courts in the Third Circuit have the authority to release state prisoners on bail pending habeas review when the "petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Cases presenting extraordinary circumstances warranting bail typically involve the prisoner's severe health problems or "the impending completion of the prisoner's sentence." *Id.*

## IV. DISCUSSION

Petitioner asks the Court to release him on bail pending the outcome of his habeas proceeding for the following reasons: (1) he was released on bail prior to pleading guilty in state court and never posed a flight risk; (2) he did not violate the no-contact order when was on bail before, and he will not pose a danger to the victims, his co-defendants, or the community if he is released on bail now; (3) the Petition will "likely result in reversal"; (4) he is "in imminent danger of contracting COVID-19, resulting in

injury and death," and officers in his prison are "deliberately and intentionally not wearing face masks"; and (5) in exchange for granting bail, he "will waive any and all deliberate indifference civil actions against officers at JTVCC and the State of Delaware, and will refrain from sharing photographs of officers with any person, media outlets, etc. that may arise from any Covid-19 related incidents." (D.I. 5 at 1-2)  Petitioner also asks to supplement his Motion for Bail with exhibits showing correctional officers not wearing masks and the grievances he filed with respect the lack of mask wearing.  (D.I. 6)

The Court grants Petitioner's Motion to Supplement his Motion for Bail with exhibits showing correctional officers not wearing masks and the prison grievance reports he filed with respect the lack of mask wearing, but denies his Motion for Three-Judge Panel.  Pursuant to 28 U.S.C. § 2284(a), a three-judge panel must be convened when required by an Act of Congress or for actions challenging the apportionment of congressional districts.  Petitioner's request for bail does not fall within either of these two categories.

As for Petitioner's Motion for Bail, the Court concludes that Petitioner has failed to meet the difficult standard for bail pending habeas litigation.  Petitioner's succinct statement that the arguments in his Petition will result in the reversal of his conviction does not demonstrate that his constitutional claims have a high probability of success.  Even if the Court were to presume that he has satisfied the substantial probability of success requirement, Petitioner has failed to demonstrate exceptional circumstances.  Notably, Petitioner does not allege that he suffers from a serious medical condition or that the completion of his seven-year sentence is impending.  Given the absence of medical concerns, Petitioner's argument that he is in imminent danger of contracting

COVID-19 also fails to establish exceptional circumstances. The Court in no way means to minimize the impact of COVID-19, but the potential for contracting COVID-19 applies to every pending habeas case involving an incarcerated petitioner. Finally, Petitioner's contention that he will refrain from pursuing civil actions or sharing photos of correctional officers if he is released on bail is more akin to a bribe than a reason for release, and does not warrant any further discussion. Given these circumstances, the Court denies Petitioner's Motion for Bail.

## V.     CONCLUSION

For the reasons set forth above, the Court grants Petitioner's Motion to Supplement, but denies his Motion for a Three Judge Panel and his Motion for Bail. A separate Order follows.

Dated: January 24, 2022

_____
Colm F. Connolly
Chief Judge