IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUDEAU S. BROWN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-200-CFC |
| | ) | |
| ROBERT MAY, Warden, | ) | |
| and ATTORNEY GENERAL | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

I.   **INTRODUCTION**

Presently pending before the Court is Petitioner Judeau S. Brown, Jr.'s Motion for Reconsideration of the Denial of his Motion for Bail, a Letter Request for a Certificate of Appealability with respect to the Court's denial of his Motion for Bail, and a Motion for Bail Pending Writ of Habeas Corpus/Preliminary Injunction. (D.I. 23; D.I. 29; D.I. 30) For the reasons set forth below, the Court will deny Petitioner's Motion for Reconsideration and Letter Request for a Certificate of Appealability, but will refrain from ruling on his second Motion for Bail/Preliminary Injunction until the Third Circuit has decided his pending appeal of the Court's denial of bail.

II.   **BACKGROUND**

After filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") (D.I. 1), Petitioner filed a Motion to be Released on Bail Pending the

Outcome of his Habeas Proceeding ("Motion for Bail") (D.I. 5). Petitioner asserted the following reasons to support his request to be released on bail during the pendency of this proceeding: (1) he had been released on bail prior to pleading guilty in state court and never posed a flight risk; (2) he did not violate the no-contact order when was on bail before, and he will not pose a danger to the victims, his co-defendants, or the community if he is released on bail now; (3) the Petition will "likely result in reversal"; (4) he is "in imminent danger of contracting COVID-19, resulting in injury and death," and officers in his prison are "deliberately and intentionally not wearing face masks"; and (5) in exchange for granting bail, he "will waive any and all deliberate indifference civil actions against officers at JTVCC and the State of Delaware, and will refrain from sharing photographs of officers with any person, media outlets, etc. that may arise from any Covid-19 related incidents." (D.I. 5 at 1-2)

The Court denied Petitioner's Motion for Bail on January 24, 2022 after determining that he failed to satisfy the "exceptional circumstances" prong of the "difficult standard for bail pending habeas litigation." (D.I. 18 at 3) When addressing Petitioners fifth reason for requesting bail, the Court stated: "Petitioner's contention that he will refrain from pursuing civil actions or sharing photos of correctional officers if he is released on bail is more akin to a bribe than a reason for release, and does not warrant any further discussion." (D.I. 18 at 4)

On February 4, 2022, Petitioner filed a letter apologizing "for what was interpreted as [him] attempting to bribe the Court" ("Letter of Apology"). (D.I. 22 at 1) The letter asserts that Petitioner "by no means wished nor intended to commit bribery.

2

Rather, instead, [he] was seeking to achieve an amicable agreement, settlement, etc. akin to civil lawsuits or plea agreements." (*Id.*)

On February 7, 2022, Petitioner filed a letter which, *inter alia*, asserts that he "moves to be able to renew the motion for bail." (D.I. 23 at 2) The letter was docketed as a "Motion for Reconsideration of Order [Denying Bail]." (*Id.*) Petitioner simultaneously filed a Notice of Appeal from the Order denying bail. (D.I. 25) Thereafter, on February 16, 2022, Petitioner filed a Letter Request for a Certificate of Appealability regarding the Order denying his Motion for Bail. (D.I. 29) Finally, on February 22, 2022, the Court received and docketed Petitioner's Motion for Bail Pending Writ of Habeas Corpus/Preliminary Injunction. (D.I. 30)

### III. DISCUSSION

#### A. Motion for Reconsideration

Under Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the entry of judgment but before disposition of certain motions, including a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b), then the district court retains jurisdiction to consider and decide that motion and the notice of appeal becomes effective when that motion is resolved. *See* Fed. R. App. P. 4(a)(4). Motions for reconsideration of final orders are governed by Federal Rules of Civil Procedure 59(e) and 60(b), whereas motions for reconsideration of interlocutory orders are governed by Federal Rule of Civil Procedure 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016); *see also* Fed. R. Civ. P. 54(b) (interlocutory orders

3

"may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

An order denying a motion to reduce bail is an interlocutory order that is immediately appealable as a collateral-order exception. *See Flanagan v. United States*, 465 U.S. 259 (1984); *Landano v. Rafferty*, 970 F.2d 1230, 1237 (3d Cir. 1992) (holding a "court's order granting bail pending disposition of a habeas petition is plainly appealable as a collateral order."). Although an order denying bail is technically interlocutory in nature, the Supreme Court views a district court's refusal to reduce bail "as a **final decision** which may be appealed to the Court of Appeals." *Stack v. Boyle*, 342 U.S. 1, 7 (1951) (emphasis added). In turn, with respect to an immediately appealable collateral order denying a motion for summary judgment, the Third Circuit has explained that a district court is

> required to determine whether [the motion for reconsideration] provided one of the "limited circumstances" in which the court retain[s] power to act. For example, [if the defendant], either before or after the filing of the notice of appeal, timely move[s] under Fed. R. Civ. P. 59(e) to amend or alter the judgment, or timely move[s] under Rule 52(b), the only other potentially applicable motion specified in Fed. R. App. P. 4(a)(4)5, under the 1979 amendment to Rule 4(a)(4), the notice of appeal would have [...] no effect and the district court would have [...] power to decide the motion.

*Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985). The *Venen* Court also held that, "[f]or purposes of Fed. R. App. P. 4(a), this court regards a motion labeled only as a motion for reconsideration as the functional equivalent of Rule 59 motion [...] to alter [or] amend a judgment." *Id.*

4

Based on the foregoing, the Court will treat Petitioner's Motion for Reconsideration as though filed under Federal Rule of Civil Procedure 59(e) rather than as a motion filed under Rule 54(b). Therefore, the Court concludes that it retains jurisdiction to consider Petitioner's Motion for Reconsideration of the Court's denial of bail.

In order to prevail on a Rule 59(e) motion for reconsideration, a movant must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Importantly, motions for reconsideration are "not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Qazizadeh*, 214 F. Supp. 3d at 295.

Petitioner's Motion for Reconsideration asks the Court "to renew the motion for bail" without presenting any reason supporting this request. The Court liberally construes Petitioner's Letter of Apology filed on February 4, 2022 as asking the Court to delete reason five in his original Motion for Bail (the "reason" that was characterized as a bribe), and reconsider his Motion for Bail only on the basis of reasons one through four. In essence, Petitioner's Letter of Apology constitutes an attempt to correct an error of fact. Nevertheless, even if the Court omits reason five from Petitioner's original list of reasons for seeking bail, the Court concludes that reconsideration of its denial of bail is not warranted. To the extent Petitioner merely re-asserts the original first four

5

reasons he presented in his Motion for Bail, he is attempting to re-litigate issues the Court has already considered and rejected. In turn, the Motion for Reconsideration does not present an intervening change in the controlling law or the availability of new evidence that was not available when the Court issued its order denying bail Accordingly, the Court will deny the instant Motion for Reconsideration.

### B. Request for Certificate of Appealability

Petitioner also asks the Court to issue a certificate of appealability with respect to its denial of bail. The Court will deny this request because a certificate of appealability is not required for Petitioner to appeal the denial of bail in a habeas proceeding. *See, e.g., Pouncy v. Palmer*, 993 F.3d 461, 464-65 (6th Cir. 2021) (explaining that "every circuit to take up this question has concluded that a certificate of appealability is not required to appeal a denial of bail" in a habeas corpus proceeding) (collecting cases); *see also Illarramendi v. United States*, 906 F.3d 268 (2d Cir. 2018) (a § 2255 proceeding where the Second Circuit held that a certificate of appealability (COA) is not required when appealing from orders in a habeas proceeding that are collateral to the merits of the habeas claim itself, including the denial of bail; the absence of a COA was not a bar to the petitioner's appeal from the District Court's order denying his motion for supervised release or bail pending resolution of his habeas petition.)

### C. Second Motion for Bail/Preliminary Injunction

Finally, Petitioner has filed a second Motion for Bail Pending Writ of Habeas Corpus/Preliminary Injunction which appears to be an independent Motion for Bail rather than an extension of his earlier filed Motion for Reconsideration. Because this

6

second Motion for Bail concerns the same issue currently on appeal before the Third Circuit, the Court will refrain from ruling on the Motion until the Third Circuit has decided Petitioner's appeal. *See, e.g., Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Mille Lacs Band of Ojibwe v. Cnty of Mile Lacs, Minn.,* 2021 WL 1400069, at *2 (D. Minn. Apr. 14, 2021) ("[A]n appeal from an interlocutory order under the collateral order doctrine generally does not wholly deprive the district court of jurisdiction to proceed in the case—so long as subsequent motions do not threaten to disturb the 'status of the case on appeal,' such as by presenting the same issues involved in the appeal."); *United States v. Mala,* 7 F.3d 1058, 1060–1061 (1st Cir.1993) ("[A]n appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.").

### III. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Motion for Reconsideration and Letter Request for a Certificate of Appealability. (D.I. 23; D.I. 29) Additionally, the Court will refrain from ruling on Petitioner's second Motion for

Bail/Preliminary Injunction until the Third Circuit has decided his appeal of the Court's denial of bail.  (D.I. 30)

Dated:  February 23, 2022

_____
Colm F. Connolly
Chief Judge