IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDEAU S. BROWN, JR., : | |
| Petitioner, : | |
| v. : | Civ. A. No. 21-200-CFC |
| ROBERT MAY, Warden, and : ATTORNEY GENERAL OF THE : STATE OF DELAWARE, : | |
| Respondents. : | |

MEMORANDUM ORDER

At Wilmington this ___13th___ day of September, 2022;

Pending before the Court is Petitioner's second Motion for Writ of Habeas Corpus Ad Testificandum to have Frank Pope testify in this proceeding. (D.I. 36) Petitioner asserts that Frank Pope can provide information supporting his claim of actual innocence. (*Id.* at 4)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Vasquez v. Glover*, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006). Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide further guidance for discovery issues in habeas proceedings. Pursuant to Rule 6(a), a court may authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure only

if the court determines there is "good cause" for such discovery. See Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) states that a "party requesting discovery must provide reasons for the request [...] and must specify any requested documents." Rule 6(b), 28 U.S.C. 28 U.S.C. foll. § 2254. Good cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. See Harris v. Nelson, 394 U.S. 286, 300 (1969); Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011) ("The burden rests upon the [petitioner] to demonstrate that the sought-after information is pertinent and that there is good cause for its production."); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) (a petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim"). In turn, Rule 7 states that a federal court may "direct the parties to expand the record by submitting additional materials relating the to the petition." See Rule 7(a), 28 U.S.C. foll. § 2254.

Although discovery in a habeas proceeding may not be used to embark on a fishing expedition intended to develop claims for which there is no factual basis,[1] a petitioner need not demonstrate that additional discovery will definitively lead to relief. Rather, a petitioner "need only show good cause that the discovery will lead to relevant evidence regarding his petition." Williams v. Wetzel, 2021 WL 1224130, at *2 (E.D. Pa. Mar. 31, 2021).

Additionally, under 28 U.S.C.§ 2254(e)(2), a federal district court may grant an evidentiary hearing only when "the applicant has failed to develop the factual basis of a claim in State court proceedings ... [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [ ]

---

[1] Williams, 637 F.3d at 211.

2

the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  Even if § 2254(e)(2) does not bar an evidentiary hearing, a hearing is not necessary "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Morris v. Beard*, 633 F.3d 185, 196  (3d Cir. 2011).

The Court has carefully reviewed Petitioner's § 2254 Petition (D.I. 1), his Memorandum in Support (D.I. 3), his second Motion for Writ of Habeas Corpus Ad Testificandum to have Frank Pope Testify (D.I. 36), the State's Answer (D.I. 41), and the state court record (D.I. 37) within the foregoing legal framework.  Whether liberally construed as a request for an evidentiary hearing or treated as a true motion for writ of habeas corpus ad testificandum, it appears that the record contains sufficient facts at this stage of the litigation to make an informed decision on the merits of Petitioner's Claims as presented in his Petition.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's second Motion for Writ of Habeas Corpus Ad Testificandum to have Frank Pope testify in this proceeding (D.I. 36) is **DENIED** without prejudice.

_____
Colm F. Connolly
Chief Judge